**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ENYER ENRIQUE CHAVEZ BRINEZ (A-No. 245-226-564),

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

Case No. 1:26-cv-05124-JLT-FJS

ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE SUBSTANTIVE BOND HEARING

(Docs. 1, 2)

## I. INTRODUCTION

Before the Court is Enyer Enrique Chavez Brinez's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), a legal position that this Court has rejected repeatedly. (Doc. 6.) For the reasons set forth below the Court, **GRANTS IN PART** the habeas petition.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 4.) Respondents do not request a hearing or further briefing and ask this Court to rule directly on the petition. (Doc. 6 at 1.) As such, the Court decides this case on the underlying habeas petition.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. FACTUAL BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States at the age of fifteen with his family in September 2023. (Doc. 1 at 1; Doc. 6-1 at 10, 12.) At that time, Petitioner and his family were apprehended by immigration officials and subsequently released on their own recognizance. (Doc. 6-1 at 10–11.) On September 19, 2023, DHS issued a Notice to Appear charging Petitioner as removable under INA §212(a)(6)(A)(i). (*Id*. at 12.) Petitioner has since obtained a valid work permit and has a pending application for asylum as a derivative beneficiary on his family's application. (Doc. 1 at 1, 4–5.) Petitioner is not subject to a final order of removal. (*Id*. at 4.)

On June 12, 2026, Petitioner was arrested for driving through a red light, driving without a valid driver's license, and for possession of a controlled substance.[2] (Doc. 1 at 5; Doc. 6-1 at 2.) On June 14, 2026, Petitioner was charged in the State of Utah for these offenses. (Doc. 6-1 at 2, 4–7.) Local police took Petitioner to Davis County Jail where he remained for approximately fifteen days. (Doc. 1 at 5.) Petitioner indicates that the underlying traffic charge for driving without a license under Utah Code § 53-3-202 was dismissed. (*Id*.) It is unclear whether the other charges remain pending or have also been dismissed. (*See id*.; Doc. 6-1 at 2, 4–5.)

---

[2] Local police engaged Petitioner in a traffic stop after he observed him "operate a motor vehicle through a steady red traffic signal." (Doc. 6-1 at 6.) Petitioner states that he "became distracted[] and inadvertently passed the red light." (Doc. 1 at 5.) Local police then discovered that Petitioner "had never been issued a Utah driver license" and that during a search incident to arrest, "located a THC vape pen on his person." (Doc. 6-1 at 6.) Petitioner was ultimately arrested and charged with failure to obey traffic signals, driving without a driver license, and possession of a schedule III-V controlled substance of marijuana under Utah Code §§ 41-6A-304, 53-3-202, 76-18-207(2), (3)(d), respectively. (*Id*.)

Petitioner was subsequently transferred into ICE custody and placed in detention at California City Detention Facility, where he remains. (Doc. 1 at 6.)

## IV. DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 6.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing. (*Id.*) Respondents make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents further argue that Petitioner "was properly re-detained after local authorities charged him with [] driving a vehicle without a license and unlawful possession of a controlled substance." (Doc. 6 at 1.) Although Petitioner's charges have not rendered a final conviction, this Court finds that "Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report. That Petitioner was not charged does not mean that the events did not occur, and the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond

hearing . . .” *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026). Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision.

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where “the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond,” *id.* at 1203. In the event Petitioner is “determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond,” the immigration judge should consider Petitioner’s financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. Respondents **SHALL** provide a copy of this order to the immigration judge handling the bond hearing. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.

5. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

///

///

///

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _July 24, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE